**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL FERRO,<br><br>Plaintiff,<br><br>v.<br><br>CARMAX BUSINESS SERVICES d/b/a CARMAX AUTO FINANCE; LBS FINANCIAL CREDIT UNION and EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Case No. 5:19-cv-02140<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, JUAN MANUEL FERRO, through counsel, WAJDA LAW GROUP, APC, complaining of Defendant, CARMAX AUTO FINANCE; LBS FINANCIAL CREDIT UNION and EQUIFAX INFORMATION SERVICES LLC, as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. JUAN MANUEL FERRO ("Plaintiff") is a natural person, who at all times relevant resided in San Bernardino, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. CARMAX AUTO FINANCE ("CarMax") is a foreign limited liability company with its principal place of business in Richmond, Virginia.

8. CarMax is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. LBS FINANCIAL CREDIT UNION ("LBS Financial") is a domestic corporation with its principal place of business in Westminster, California.

10. LBS Financial is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

11. EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

12. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

### Allegations as to LBS Financial Credit Union

14. On April 1, 2008, Plaintiff applied for and obtained an automobile installment loan from LBS Financial.

15. Plaintiff made each installment payment pursuant to agreement – with last payment made in February 2010.

**Allegations as to CarMax Auto Finance**

16. On October 13, 2012, Plaintiff applied for and obtained an automobile installment loan from CarMax.

17. Plaintiff made each installment payment pursuant to agreement – with last payment made in June 2014.

**Credit Reporting Issues**

18. Plaintiff obtained a 3-Bureau Credit Report.

19. Plaintiff discovered LBS Financial wrongly reported Plaintiff's "Scheduled Payment Amount" of "*$667.00*" in spite of an "Account Designator" of "***Paid and Closed.***"

20. Plaintiff discovered CarMax wrongly reported Plaintiff's "Scheduled Payment Amount" of "*$352.00*" in spite of an "Account Designator" of "***Paid and Closed.***"

21. On March 7, 2019, Plaintiff mailed a credit dispute letter to Equifax by First-Class Mail®.

22. Plaintiff's credit dispute letter voiced Plaintiff's concerns and requested Equifax review and correct LBS Financial and CarMax's inaccurate reporting.

23. Equifax received and promptly notified LBS Financial of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

24. Equifax received and promptly notified CarMax of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

25. On or around March 27, 2019, Equifax mailed Plaintiff dispute results.

26. Plaintiff's Equifax dispute results stated, in part:

>>> *We have researched the credit account.  Account # - 1437\*\*  The results are*: This account is currently reporting as closed. The creditor has verified to OUR company that the scheduled payment amount is being reported correctly.  Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ACTUAL PAYMENT *DATE OF LAST PAYMENT *TERMS DURATION *ADDITIONAL INFORMATION.  If you have additional questions about

3

this item please contact: **Carmax Auto Finance, PO Box 440609, Kennesaw GA 30160-9511 Phone (800) 925-3612**

Activity Designator: Paid and Closed
Scheduled Payment Amount: $352
Date Closed: 06/2014
ADDITIONAL INFORMATION: Closed or Paid Account/Zero Balance

*************************************************************************

>>> *We have researched the credit account. Account # - 2314*  The results are*: This account is currently reporting as closed. The creditor has verified to OUR company that the scheduled payment amount is being reported correctly. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *DATE OF LAST PAYMENT *CLOSED DATE *TERMS DURATION *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: **LBS Financial Credit Union, 4341 E 10th St, Long Beach CA 90804-5511**

Activity Designator: Paid and Closed
Scheduled Payment Amount: $667
Date Closed: 02/2010
ADDITIONAL INFORMATION: Closed or Paid Account/Zero Balance

## **DAMAGES**

30. Undeniably, inaccurate reporting of Plaintiff's automobile loan accounts continue to portray an untruthful and damaging depiction of Plaintiff in that they produce a materially misleading impression that Plaintiffs remains obligated to LBS Financial and CarMax years after these loans were paid in full, sold, or transferred.

31. Inaccurate credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

32. Inaccurate credit reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

33. As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's accounts accurately.

## CLAIMS FOR RELIEF

### Count I:
### CarMax's violation(s) of 15 U.S.C. § 1681 *et seq.*

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     CarMax's failure to conduct an investigation**

36. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)    Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

37. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), CarMax received Plaintiff's credit dispute letter from Equifax.

38. CarMax violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

39. CarMax violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

40. Had CarMax conducted a reasonable investigation, CarMax would have discovered that Plaintiff's scheduled payment obligation to CarMax ceased in June 2014, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

41. CarMax violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

42. CarMax violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

43. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)
    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

6

44. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

45. CarMax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find CarMax in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of CarMax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count II:
### LBS Financial's violation(s) of 15 U.S.C. § 1681 *et seq.*

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

7

47. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### G. LBS Financial's failure to conduct an investigation

48. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) Conduct an investigation with respect to the disputed information;
>
> (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C) Report the results of the investigation to the consumer reporting agency;
>
> (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
> > (i) Modify that item of information;
> >
> > (ii) Delete that item of information; or
> >
> > (iii) Permanently block the reporting of that item of information.

49. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), LBS Financial received Plaintiff's credit dispute letter from Equifax.

50. LBS Financial violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

8

51. LBS Financial violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

52. Had LBS Financial conducted a reasonable investigation, LBS Financial would have discovered that Plaintiff's scheduled payment obligation to LBS Financial ceased in February 2010, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

53. LBS Financial violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

54. LBS Financial violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

55. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1)

      (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

   (2) such amount of punitive damages as the court may allow; and

   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

56. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

57. LBS Financial's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find LBS Financial in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of LBS Financial's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## Count III:
### Equifax violation(s) of 15 U.S.C. § 1681 *et seq.*

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Equifax's failure to follow reasonable procedures**

59. Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

60. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

61. Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

62. Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.     Equifax's failure to conduct a reasonable investigation**

63. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

64. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

65. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to CarMax *and/or* LBS Financial before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

66. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

67. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

68. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1)

      (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

   (2) such amount of punitive damages as the court may allow; and

   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

69. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

   (1) any actual damages sustained by the consumer as a result of the failure; and

   (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

70. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Equifax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

12

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 7, 2019                       Respectfully submitted,

                                                                     **JUAN MANUEL FERRO**

                                                                     By: _/s/ Nicholas M. Wajda_

                                                                     Nicholas M. Wajda
                                                                     **WAJDA LAW GROUP, APC**
                                                                     6167 Bristol Parkway
                                                                     Suite 200
                                                                     Culver City, California 90230
                                                                     +1 310-997-0471
                                                                     nick@wajdalawgroup.com